IN THE MATTER OF ANN W. LAKE
(and a consolidated case[1]).

Suffolk. November 5, 1998. - December 8, 1998.

Present: WILKINS, C.J., ABRAMS, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Attorney at Law,* Disciplinary proceeding, Transaction with client, Conflict of interest, Informal admonition. *Due Process of Law,* Attorney disciplinary proceeding. *Words,* "Differing interests."

An attorney, who served as both counsel and real estate broker to two clients, without disclosing to them the potential for conflict created thereby, violated the provisions of S.J.C. Rule 3:07, Canon 5, DR 5-104 (A); further, imposition of an admonition in her case did not offend due process, and the attorney's contention that the rule itself was void for vagueness was without merit. [443-444]

In an attorney disciplinary matter, there was no merit to the attorney's claims that the charges against her were not heard by an independent panel and that she did not get a fair hearing [444]; further, this court declined to consider the attorney's claims that she was prejudiced by various activities of the Board of Bar Overseers and bar counsel, where such claims were the subject of a prior decision of a single justice of this court, from which the attorney did not appeal [444-445].

In the circumstances of an attorney disciplinary matter, a single justice properly dismissed a declaratory judgment action brought by the attorney regarding the legality and constitutionality of the Board of Bar Overseers and bar counsel. [445]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 13, 1997.

INFORMATION filed in the Supreme Judicial Court for the county of Suffolk on September 14, 1997.

The cases were consolidated and heard by *Lynch,* J.

*Lawrence F. O'Donnell* (*Howard R. Palmer* with him) for the respondent.

*John W. Marshall,* Assistant Bar Counsel.

FRIED, J. The attorney, Ann W. Lake, appeals to the full court from an order of a single justice that she receive an admonition for engaging in a business transaction with clients without their

[1]Ann W. Lake *vs.* Board of Bar Overseers.

informed consent, in violation of S.J.C. Rule 3:07, Canon 5, DR 5-104 (A), as appearing in 382 Mass. 781 (1981). She also filed a separate action in the county court seeking a declaratory judgment concerning the proceedings against her before the Board of Bar Overseers (board). She has appealed to this court from the dismissal of that action. The two actions were consolidated by the single justice. We affirm both the order of the single justice and the dismissal of the declaratory judgment action.

## I

On March 20, 1991, Lake, a sole practitioner, was hired by the two coexecutors of an estate to represent them in its probate. The attorney had been a friend of the decedent and had drafted her last will and testament. The coexecutors resided in New Hampshire and Washington State, respectively.

It was agreed that the attorney would receive a fee of five per cent of the total value of the estate for her legal services. The attorney also informed the coexecutors that she was a licensed real estate broker and that she would sell a property of the estate located in Marblehead, for an additional commission of three per cent of the sale price. Both arrangements were confirmed through a letter from the attorney to the coexecutors dated April 2, 1991. She did not advise them of any of the potential conflicts of interest which could arise from her dual roles. Nor did she advise them that it might be in their interest to consider using a real estate broker from the Marblehead area. Her only office was in Dedham and she was not a member of a multiple listing service.

After several months of unsuccessfully attempting to sell the property (placing advertisements in the local newspaper and showing the property approximately fifteen times) Lake realized that, in order to market the property effectively, she should establish a cobrokerage relationship with a realtor in Marblehead. To this end, she arranged to list the property with the Marblehead office of Hunneman & Company. The arrangement called for Hunneman to receive a commission of three per cent if the property were sold by them or through one of their listings. She was to receive her three per cent commission regardless of who sold the property.

On June 19, 1991, Lake wrote to the coexecutors and asked them to sign an exclusive listing agreement with her, which would result in a total real estate commission of six per cent if

the property were sold by a cobroker or three per cent if the property were sold by the attorney. She explained that a co-brokerage agreement was necessary to market the property effectively but she did not advise the coexecutors that they might be able to arrange directly with a local realtor to market the property for a commission of less than six per cent nor did she herself investigate this possibility on their behalf.

The coexecutors refused to sign the exclusive listing agreement and discharged Lake as their broker. A subsequent disagreement led to the discharge of the attorney as counsel for the coexecutors as well. They proceeded to list the property directly with Hunneman at a commission of five per cent and, within three weeks, it was sold for $180,000.

The attorney filed suit against one of the executors to recover legal fees for estate work performed and, after the failure of settlement negotiations but prior to the commencement of trial, the executor filed a grievance against the attorney with the board.

After a lengthy and contentious investigation, bar counsel filed a petition for discipline with the board. This petition charged the attorney with violations of DR 5-104 (A), entering into a business transaction with clients without their informed consent; and S.J.C. Rule 3:07, Canon 2, DR 2-110 (B) (4), as appearing in 382 Mass. 774 (1981), refusing to withdraw from representation or to turn over client papers until paid.

The hearing committee found that the attorney had violated both DR 5-104 (A) and DR 2-110 (B) (4). The hearing committee recommended that the attorney receive an admonition for her conduct.

The attorney appealed to the board. An appeal panel of the board upheld the conclusion of the hearing committee that the attorney engaged in a business transaction with clients without full disclosure in violation of DR 5-104 (A). The appeal panel concluded, however, that the factual findings of the hearing committee did not support the conclusion that the attorney had violated DR 2-110 (B) (4), because her delay in withdrawing was minimal and caused no prejudice. The panel recommended that the attorney be admonished for her violation of DR 5-104 (A).

The board voted unanimously to adopt the appeal panel's report and its recommendation to issue an admonition to the attorney. The attorney filed a complaint in the county court seek-

ing review of the proceedings and seeking various declarations concerning the illegality and unconstitutionality of the composition of the board, bar counsel, and of the actions taken against her.

A hearing on both these matters was held before the single justice on October 21, 1997. He dismissed the attorney's complaint and upheld the ruling of the board. The attorney appeals from both orders.

## II

Disciplinary Rule 5-104 (A) states: "A lawyer shall not enter into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise his professional judgment therein for the protection of the client, unless the client has consented after full disclosure." The attorney argues that she performed the roles of both counsel and broker in a responsible manner, and that the client was not dissatisfied with her services until subsequent disputes spoiled the relationship. Such arguments, however, miss the point. Regardless of the subsequent handling of the roles, the attorney had a duty under DR 5-104 (A) to disclose the potential for conflict that her assumption of both these roles created. She did not do so.[2]

The attorney further argues that there is no conflict of interest in serving as both counsel to the coexecutors and broker, that if the rule is to be interpreted this way such an interpretation is novel and thus that its application to her is ex post facto, and that the rule itself is unconstitutionally vague due to the ambiguity in what constitutes a "business relationship."

The coexecutors retained Lake expecting her to exercise her professional judgment in all matters concerning the estate. The brokerage agreement was clearly a business transaction and it was one in which the parties had differing interests. The clients' interest was in selling the property as quickly as possible and at the most advantageous price. The best means to this end was by

---

[2]The hearing committee found that Lake did not disclose the potential for conflict. In her brief to this court, she claims that she did make this disclosure. (The portion of the record to which she cites, however, does not indicate that any such disclosure was made.) We accept the factual finding of the hearing committee. The committee is the "sole judge of the credibility of the testimony presented at the hearing." *Matter of Saab*, 406 Mass. 315, 328 (1989).

ensuring the maximum amount of exposure for the property. Lake's interest, on the other hand, was in maintaining the exclusive right to market the property, thus safeguarding her commission, even if it meant a delay in selling the property or a lower sale price.

The attorney had fair warning that acting as counsel and as a broker presents a situation in which full disclosure of the differing interests is required. See Opinion No. 82-4 (1982), issued by the Committee on Professional Ethics of the Massachusetts Bar Association. Moreover, this court has held that the fact that we have not previously had occasion to discipline an attorney in the circumstances of a particular case does not suggest that the imposition of discipline in that case offends due process. *Matter of Fordham*, 423 Mass. 481, 494 (1996), and cases cited.

The contention that DR 5-104 (A) is void for vagueness lacks merit. The term "business transaction" has a commonly understood meaning and the attorney's action here, providing a client with a distinct service requiring a separate license and for an additional fee, is clearly within this meaning. The term "differing interests" is given a broad but clear meaning in the definitions section of the Disciplinary Rules. S.J.C. Rule 3:07, Definitions, as appearing in 382 Mass. 796 (1981).

### III

The attorney contends that the charges against her were not heard by an independent panel and that she did not get a fair hearing. In support of this claim, she offers little more than accusations which are either unfounded or irrelevant and the fact that she received several adverse rulings in the course of the proceedings. For example, the attorney claims that bar counsel charged her with, and the hearing committee found that she had violated DR 2-110 (B) (4), even though that rule was not enacted until after the events at issue took place, as evidence of lack of fairness in the proceedings against her. But DR 2-110 (B) (4) has been in effect since 1981. Similarly, the attorney claims that bias is evident from the fact that the hearing committee released the decision in her case to the board rather than to the parties directly. This procedure, however, is not only standard, but is, in fact, dictated by our rules. See S.J.C. Rule 4:01, § 8 (2), as appearing in 415 Mass. 1304 (1993) (requiring hearing committee to report findings to board).

The attorney claims that she was prejudiced by various activi-

ties of the board and bar counsel. These claims were brought before a single justice in January of 1996. At that time the single justice dismissed the complaint stating that he saw "no evidence of a denial of due process rights of the attorney or of conduct designed to harass or discriminate against the attorney." The single justice found that, although there had been procedural mistakes on both sides, these "are now behind us." Bar counsel agreed to go forward under a procedure which the single justice described as giving the attorney "substantially what she has sought as relief in this action."

The actions which form the basis of the assertions of prejudice precede that single justice's decision. The attorney did not appeal from that decision and has not claimed that the procedures agreed to there were not followed. We shall not revisit the conclusion that there is no evidence that the attorney was prejudiced by any improper conduct on the part of the board or counsel.

## IV

The attorney also appeals from the dismissal of her declaratory judgment action. To the extent that this action repeats her complaint as to the board's proceedings, those issues have been addressed. The attorney also sought a declaration regarding the legality and constitutionality of the board and bar counsel. She presents no argument on appeal to support her contention attacking the constitution of an institution in operation for nearly twenty-five years, see S.J.C. Rule 4:01, 365 Mass. 696 (1974) (establishing board and bar counsel), and the subject of numerous decisions in this court. These claims appear frivolous on their face and were properly dismissed by the single justice.

The order of the single justice that the attorney receive an admonition and the order of the single justice dismissing the attorney's declaratory judgment action are affirmed.

*So ordered.*